UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DANNIS C. WOODS,

        Plaintiff,

v.                                  Case No. 3:18-cv-1382-J-39MCR

DADE C.I. SECURITY STAFFS,
et al.,
        Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Dannis C. Woods, an inmate of the Dade Correctional Institution (DCI), initiated this action on November 21, 2018, by filing a "Motion for Temporary Injunction / Restraining Order / and Apprehend Detained all Defendants" (Doc. 1; Motion). In the Motion, Plaintiff requests that this Court take immediate action to "solve and resolved [sic] this hectic situation of evil episodes and this enormous 'organized hate crime,'" which he states has been "circulating" since about 1996. See Motion at 1. Plaintiff's assertions and specific request for relief are unclear. It appears he believes he was wrongfully sentenced, he and his brother, Terry Lee Woods, were framed, and the Department of Corrections' guards are conspiring to kill them "before they both win lawsuits and get out."[1] See id. at 3. While Plaintiff identifies various individuals by name, he does not state who has tried to kill him and his "three blood brothers." Id. at 4, 5. He asserts there is an "organized hate crime" against the Woods family, including "Tiger Woods." Id. at 3. He also claims that he is being racially discriminated against in the criminal justice system. Id.

---

[1] In light of Plaintiff's assertions and in an abundance of caution, the Clerk of Court sent a copy of his Motion and the Amended Standing Order regarding an inmate's claim of suicidal intent or imminent physical harm to the Inspector General and the Warden at DCI.

The Court finds that injunctive relief is not warranted. Plaintiff's Motion was not filed in compliance with this Court's Local Rules. For example, a motion seeking injunctive relief "must be supported by allegations of specific facts shown in [a] verified complaint or accompanying affidavits . . . ." Rule 4.05(b)(2), Local Rules, United States District Court for the Middle District of Florida. Plaintiff has not filed a verified complaint or affidavits. Plaintiff also has failed to carry his burden of persuasion as to the four elements required for entry of a preliminary injunction. See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998).

> A preliminary injunction is an "extraordinary and drastic remedy." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (quoting All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). To secure an injunction, a party must prove four elements: (1) a substantial likelihood of success on the merits; (2) irreparable injury absent an injunction; (3) the injury outweighs whatever damage an injunction may cause the opposing party; and (4) an injunction is not adverse to the public interest. Id.

Citizens for Police Accountability Political Comm. v. Browning, 572 F.3d 1213, 1217 (11th Cir. 2009) (per curiam). See also Keister v. Bell, 879 F.3d 1282, 1287-88 (11th Cir. 2018), cert. denied, --- S. Ct. ---, 2018 WL 3241787 (Oct. 1, 2018).

Not only is Plaintiff's filing insufficient to warrant injunctive relief, to the extent he is attempting to raise claims regarding his conditions of confinement, he has not filed a civil rights complaint. The Court has approved the use of a civil rights complaint form for cases filed by prisoners pursuant to 42 U.S.C. § 1983. The form requires a plaintiff to include detailed information regarding the defendants he intends to sue, the plaintiff's litigation history, a statement of the plaintiff's claims and facts, and the relief the plaintiff requests. Here, Plaintiff has not filed a complaint, nor has he provided the Court with all

the information required by the civil rights complaint form. If Plaintiff chooses to file a civil rights complaint, he may do so on the proper form, submit a copy of the form for each defendant, and submit the filing fee.[2] If Plaintiff chooses to file a complaint to challenge the conditions of his confinement, he is advised that his current correctional institution, DCI, is not located within the Middle District of Florida, but rather is located in the Southern District. Thus, any such action should be filed in that jurisdiction. To the extent Plaintiff seeks to challenge the fact or duration of his confinement or seeks a release from incarceration, the Court may not grant such relief in a civil rights action.[3]

For the foregoing reasons, this case will be dismissed without prejudice to Plaintiff's right to initiate a civil rights action to address any allegedly unconstitutional conditions of his confinement, if he elects to file one.

Accordingly, it is

**ORDERED:**

1. Plaintiff's Motion for injunctive relief (Doc. 1) is **DENIED**.

2. This case is hereby **DISMISSED without prejudice**.

3. The **Clerk** shall enter judgment dismissing this case without prejudice and close the file.

---

[2] Plaintiff may not proceed in forma pauperis because he has been designated a three-strikes litigant under 28 U.S.C. § 1915(g). See Order (Doc. 2), Case No. 3:18-cv-499-J-32JBT.

[3] The Court takes judicial notice of Woods' prior habeas corpus filings. See Case No. 3:17-cv-481-J-34MCR (dismissed as an unclear filing); Case No. 5:16-cv-323-Oc-10PRL (dismissed without prejudice after failing to pay the filing fee or move to proceed as a pauper); Case No. 5:10-cv-523-Oc-23TGW (dismissed as second or successive without permission from the Eleventh Circuit Court of Appeals); Case No. 5:09-cv-356-Oc-10GRJ (dismissed with prejudice as time-barred).

**DONE AND ORDERED** at Jacksonville, Florida, this 26th day of November, 2018.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c: Dannis C. Woods

4